IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROL A. ALBITER,

                              Plaintiff,

        v.                                                                                    OPINION and ORDER

KILOLO KIJAKAZI,                                                                      21-cv-332-jdp
Acting Commissioner of the Social Security
Administration,

                              Defendant.

---

Plaintiff Carol A. Albiter seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that Albiter was not disabled within the meaning of the Social Security Act. Albiter challenges the decision of administrative law judge (ALJ) Michael Schaefer on the ground that he failed to adequately explain his decision not to credit the opinion of a consulting psychologist.[1] The court will affirm the decision because Albiter hasn't shown that the psychologist's opinion supports any greater restrictions than what the ALJ found.

---

[1] Albiter also contends that the ALJ's decision was invalid under *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020). But this court has rejected that argument multiple times. S*ee Kreibich v. Kijakazi*, No. 20-cv-1045-bbc, 2022 WL 538261, at *6 (W.D. Wis. Feb. 23, 2022) (collecting cases). And Albiter cites no contrary authority from the Seventh Circuit or anywhere else, so it isn't necessary to consider that issue again.

## BACKGROUND

Albiter sought benefits based primarily on mental impairments, alleging disability beginning in April 2003, when she was 20 years old. R. 21, 33.[2] In an 18-page decision issued in February 2021, the ALJ found that Albiter suffered from three severe impairments: depression, anxiety, and a learning disorder. R. 22. After finding that Albiter's impairments weren't severe enough to meet or medically equal the criteria for a listed disability, the ALJ ascribed to Albiter the RFC to perform work at all exertional levels. The ALJ also concluded that Albiter's mental limitations allowed her to perform work that meets the following restrictions:

- "simple instructions" and "routine tasks" requiring "few, if any, changes in the work duties" and a "GED Language Level of 2 or below" and a "GED Reasoning level of 2";

- "goal oriented" production requirements, based on a daily, weekly, or monthly quota rather than "fast-paced" work such as an assembly line; and

- no more than "occasional interactions with supervisors" and "occasional, brief and superficial interactions with the public or co-workers" that don't "routinely require[e] cooperative effort with other co-workers to complete a process or create a product)."

R. 26. Based on the testimony of a vocational expert, the ALJ found that Albiter was not disabled because she could perform jobs that are available in significant numbers in the national economy, such as small products assembler, marker, and courier. R. 33. The Appeals Council declined review. R. 1–7. Albiter now appeals to this court.

On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950

---

[2] Record cites are to the administrative transcript located at Dkt. 12.

F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

Albiter's sole merits argument is that the ALJ failed to adequately explain his reasons for rejecting the opinion of Peggy Dennison, a state-agency psychologist who examined Albiter.[3] In a section of her report called "capability for work functions," Dennison wrote the following:

> Ms. Albiter could understand, remember, and carry out simple instructions psychologically. She could maintain her concentration for up to 30 minutes, but it is unknown if she could do so for an entire day. Her attention span is short, and her work pace might also be compromised. Despite her belief that she cannot work, she probably could withstand routine work stresses, but perhaps not intense stress. She likely could adapt to changes. Perhaps with adjustments she may be able to withstand routine work stresses.

R. 724. Dennison also concluded that Albiter's prognosis was "good," writing that taking medication "on a consistent basis . . . may be effective in symptom reduction." R. 723. The ALJ concluded that Dennison's opinion wasn't persuasive because it was inconsistent with both

---

[3] The ALJ evaluated two other mental health opinions, one that she found to be partially persuasive and another that she found to be not persuasive. R. 31–32. Albiter doesn't challenge the ALJ's handling of those opinions, so the court doesn't consider them.

Dennison's own examination findings and the record as a whole, including her recent treatment records. R. 32.

In arguing that the ALJ failed to explain why Dennison's opinion was wrong, Albiter focuses on two of Dennison's statements about Albiter: (1) "She could maintain her concentration for up to 30 minutes, but it is unknown if she could do so for an entire day"; and (2) "Her attention span is short, and her work pace might also be compromised." R. 724. The court concludes that Albiter's argument fails because she doesn't explain how either statement is inconsistent with the RFC. Thus, the court need not evaluate the ALJ's reasons for rejecting the opinion because any error was harmless. *See Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016) (plaintiff must "identify medical evidence that would justify further restrictions").

As for Albiter's ability to concentrate, the ALJ limited Albiter to jobs with simple instructions that involve routine tasks and a low reasoning level. Albiter seems to construe Dennison's opinion to be that Albiter can't maintain concentration for more than 30 minutes even for simple and routine tasks. But that's not what Dennison wrote. She wrote only that it "it is unknown" whether Albiter could maintain concentration for a longer period. In other words, Dennison simply didn't offer an opinion on that issue.

Albiter points to nothing in Dennison's report that would support a different interpretation. Dennis made two observations about Albiter's concentration: (1) Albiter "had no difficulty maintaining her concentration and attention during conversation;" R. 721; and (2) "Albiter showed adequate ability to maintain concentration on simple sequential tasks." R. 722. These statements are consistent with the view that Dennison simply didn't evaluate whether Albiter can maintain concentration for longer than 30 minutes.

4

Albiter cites the following sentence from Dennison's report: "Ms. Albiter reports having trouble concentrating when she gets anxious or put on the spot." R. 720. But that sentence is nothing more than an acknowledgement of Albiter's subjective complaints. Dennison neither incorporated that allegation into her opinion nor attempted to explain how the allegation would translate into a limitation. The ALJ explained that he wasn't crediting Albiter's subjective complaints about concentration, in part because other examinations showed that her ability to concentrate was "within normal limits." R. 25. Albiter doesn't challenge that finding.

As for Albiter's ability to work at a particular pace, the ALJ found that Albiter is "limited to a work environment with no fast-paced production quota or rate (any production requirements should be more goal oriented, such as based on a daily or weekly or monthly quota rather than assembly line work or other similar work)." R. 26. Albiter says that Dennison's statement that Albiter's "work pace might also be compromised" is a "more broad limitation" than what the ALJ found. Dkt, 14, at 12. Again, Albiter doesn't explain how the two statements are inconsistent. Dennison's opinion was qualified: she said that Albiter's work pace "might" be compromised. But even if the word "might" is omitted from the opinion, Albiter points to nothing in Dennison's report suggesting that a restriction on fast-paced production work isn't sufficient to accommodate Albiter's limitations.

Albiter cites four other statements that aren't part of Dennison's opinion, but appear in her report:

- Albiter "was unable to identify the governor of Wisconsin. She could not identify the number of months and weeks in a year and did not know how many seconds there were in a minute." R. 722.

- "Albiter showed limited remote and recent memory during conversation." R. 721.

- "She states she cannot keep up with a job due to her anxiety and depression." R720.

- "[O]ver the years Ms. Albiter's social and occupational functioning has been severely affected by her low self-esteem and anxiety." R. 723.

Albiter doesn't explain how any of those statements undermine the ALJ's decision. The first two statements suggest that Albiter's fund of knowledge and memory are limited, but Albiter doesn't contend that any of the jobs identified by the vocational expert would require her to possess more knowledge or a better memory than what the evidence supports. The second and third statements are simply vague, subjective complaints that Dennison didn't translate into a limitation. The ALJ wasn't required to credit those.

The bottom line is that Albiter fails to explain how Dennison's opinion conflicts with the RFC, and she doesn't explain what additional restrictions the ALJ should have included that are supported by that opinion. Albiter doesn't otherwise contend that the ALJ's decision isn't supported by substantial evidence, so the court will affirm the decision.

ORDER

IT IS ORDERED that that that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered August 12, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge